O'REILLY v. ERLANGER, Sheriff.

(Supreme Court, Appellate Term. January 26, 1905.)

1. EXEMPTIONS FROM EXECUTION—PROPERTY USED IN BUSINESS—QUESTION FOR JURY.

In an action against a sheriff for property taken on execution, and claimed by plaintiff as exempt, under Code Civ. Proc. § 1391, as articles used in conducting his business, where there was evidence tending to sustain plaintiff's theory, the question as to whether the articles were of the character claimed was for the jury, and it was error to direct a verdict for defendant.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Exemptions, § 176.]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by William B. O'Reilly against Mitchell L. Erlanger, sheriff. From a judgment directed for defendant, and a denial of a new trial, plaintiff appeals. Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

C. La Rue, for appellant.
M. C. Milnor, for respondent.

DAVIS, J. The defendant had seized certain property of the plaintiff under an execution. The plaintiff sought to replevy it in this action on the ground that the property seized was exempt, under section 1391 of the Code of Civil Procedure, of which exemption he claimed to have given due notice to the defendant. The property seized consisted of a safe, a table desk, and a candelabra, used by the plaintiff in his business as undertaker. Their value was less than $250. After the introduction of evidence as to his being a householder, the nature of his business, and the use made by him of these articles in his undertaking business, and other evidence tending to support his complaint, the learned court, on motion of the defendant, directed a verdict for the defendant.

In granting this motion, we think, error was committed, and that the case should have been submitted to the jury, for them to determine, under instructions from the court and from the evidence, the character of the articles claimed to be exempt under section 1391 of the Code. We therefore think that the judgment should be reversed, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.

SCOTT, J., concurs.

MacLEAN, J. (dissenting). The sheriff rightly had judgment, in my opinion, because of failure to make out the case of the plaintiff, who, among other things, did not prove himself to have been at the time of the levy a householder—a term which, "as used in the statutes, has a very well defined meaning, and imports the master or head of a family who reside together and constitute a household." Chamberlain v. Darrow, 46 Hun, 48, 51.